THE STATE, *ex rel. Attorney General*, v. JAMES M. MATHENY.

COUNTY OFFICER—*Failure to file Official Oath and Bond vacates Office.*
The failure of a county clerk elect to file his official oath and bond
with the county treasurer within twenty days after the commencement
of the term for which he was elected, vacates his office.

### *Original Proceedings in Quo Warranto.*

MATHENY was elected county clerk of Wabaunsee county at the general election in 1869, for the term commencing on the second Monday of January, 1870, at which time he entered upon his duties as such officer. He executed an official bond, and took the usual oath of office, in proper time, but did not file the same with the county treasurer as required by § 173, ch. 25, Gen. Stat., p. 293. On the 15th day of November 1870, A. DANFORD, Attorney General, filed in this court his petition or relation, praying for the removal of *Matheny* from said office of county clerk, alleging, as grounds therefor, first, that said Matheny had not qualified as required by law, but had usurped and intruded into said office, and held the same contrary to law; and secondly, that he had not "faithfully and skillfully discharged the duties of his said office," and had therefore forfeited the same; and under this branch of the case the relator assigned some twenty acts of omission and commission, each of which it was claimed was cause for removal from office; but as the court declined to consider this part of the case, they are omitted. And for the same reason, all those parts of the briefs of counsel relating to the alleged misconduct of defendant, are omitted.

*Cox & Keagg*, for the relator:

1. Every county officer must execute and deposit his

official bond as prescribed by law; and he must deposit and file with his bond his oath of office: Gen. Stat., p. 293, § 173.

The bond and oath of county clerk must be filed with the treasurer of the county, etc., Gen. Stat., p. 262, § 40.

2. Every county office shall become vacant upon the refusal or neglect of the officer to deposit his oath and bond of office within the time prescribed by law. Gen. Stat,, p. 294, § 179.

Not having complied with the provisions of the statute, the defendant has no right to the office, and judgment of ouster must be given against him.

*Martin, Burns & Case,* for defendant:

1. The petition does not state facts sufficient to constitute a cause of action. It is alleged that the defendant was duly elected to the office of county clerk; that on the 11th day of January, 1870, he entered upon the duties of his said office, and ever since has and doth *still continue to be such county clerk* of said county. It then alleges the neglect and refusal to file or deposit with the treasurer his official oath and bond as such county clerk for the space of four months after the time to file and deposit the same; and for these reasons it is insisted that the defendant should be removed, etc. Admitting that this last averment is true, it is conceded that the office of county clerk became vacant, so far as the election of the defendant is concerned. Gen. Stat., p. 262, § 40, and p. 294, § 179. But for the allegation that the defendant on the 11th of January, 1870, entered upon the duties of his said office of county clerk, " and ever since has and doth still continue to be such county clerk," it must be presumed that the defendant was afterwards duly elected or

appointed to fill the office.· 1 Greenl. on Ev. §§ 83, 92;
3 id., § 483.

2. The defendant cannot be found guilty and removed
from office for official misconduct unless it is proven that
he *willfully* or *corruptly* refused or neglected to perform
the acts or suffered the omissions of duty complained of.
*The State, ex rel. Keeler, v. Allen,* 5 Kas., 213.

The evidence in this case wholly rebuts the idea that
any of the acts or omissions complained of were willfully
or corruptly done or suffered.

The opinion of the court was delivered by

BREWER, J.: This is an original proceeding in this
court to remove the defendant from the office of county
clerk of Wabaunsee county. Twenty causes of action
are presented in the petition.   We content ourselves with
the examination of one.   It appears from the testimony
that defendant was elected to the office of county clerk
of Wabaunsee county, at the general election in Novem-
ber, 1869; that he entered upon said office on the second
Monday of January, 1870, that being the commence-
ment of his term, and has ever since continued to hold
the same; that prior to entering upon the duties of the
office he executed an official bond, which was duly ap-
proved by the county treasurer, and took and subscribed
the oath of office.   It also appears that such bond and
oath were not filed or deposited with the county treasurer
until more than four months after he had entered upon
the duties of his office.   Ch. 25, Gen. Stat., p. 262, § 40,
concerning county clerks, provides that " he shall, before
he enters upon the duties of his office, execute and file
with the treasurer of the county a bond." The same
chapter, p. 293, § 173, concerning county clerks and
other county officers, provides :

" SEC. 173. Every county officer named in this chapter shall before entering upon the duties of his office, and within twenty days after receiving official notice of his election or ·appointment, *or within twenty days after the commencement of the term for which he was elected,* execute and deposit his official bond as prescribed by law; and any such officer shall also within the same time, take and subscribe the oath of office prescribed by law before some officer authorized to administer oaths, and deposit the same with his official bond, to be filed and preserved therewith."

And the same chapter, p. 294, § 179, provides as follows :

" SEC. 179. Every county office shall become vacant on the happening of either of the following events, before the expiration of the term of such office : * * * *Sixth:* His refusal or neglect to take his oath of office, or to give or renew his official bond, *or to deposit such oath and bond within the time prescribed by law.*"

There can be no mistake as to the meaning of these statutes. Whatever may be the rule, independent of the statute, the plain provision of the law is, that not only a refusal, but a neglect simply, to deposit the official oath and bond within the time prescribed vacates the office. We may not add to nor take from the law. It may seem a matter of trivial importance whether a bond and oath, executed and taken, are filed within twenty or thirty days. But that is a matter for the legislature to consider. They have power to establish a rule. Having established it, our plain duty is to. enforce it. And though seemingly stringent there is wisdom in the rule. The bond of a public officer should be accessible to any citizen who may be injured by the wrongful acts of such officer. Its presence in the place appointed by law for its keeping should be enforced. If this rule be relaxed, and officers permitted to occupy public offices without filing their bonds, some citizen may suffer grievous

wrong, and be remediless. Judgment must be entered in favor of the State, and removing the defendant from the office of county clerk of Wabaunsee county.

It is perhaps due to the defendant to say that neither the omission to file the oath and bond, nor the other neglects complained of appear to have been willful, but simply the results of thoughtlessness or inexperience.

All the Justices concurring.