## THE STATE OF KANSAS, *ex rel.*, v. MALCOLM CONN.

COUNTY TREASURER; *Failure to Qualify; Vacancy in Office; Election for Unexpired Term.* John R. Horner was the duly elected, qualified and acting county treasurer of Morris county, from July 1872 to July 1874. In November 1873 he was duly re-elected to said office, his second term to commence in July 1874. But he never legally qualified for this second term of office, and never entered upon the duties thereof. He continued however to hold the office until August 7th, 1874, when the county commissioners of said county declared the office vacant, and appointed Malcolm Conn to fill the vacancy. Conn qualified and took possession of the office, and has been in possession thereof ever since. On October 6th, 1874, the county commissioners of said county again declared the office vacant, so far as Horner was concerned, and again appointed Malcolm Conn to fill the vacancy. But Conn never qualified under this second appointment. At the November election in 1874, L. P. Rude was duly elected to said office, provided however, that any election should have been held at that time for that office. Rude afterward duly qualified, and now claims the office. Conn however claims that he has the paramount right to said office as against Rude or any one else: *Held*, in an action in the nature of *quo warranto*, brought in the name of the State by the county attorney of Morris county, against Conn, that Conn is not entitled to said office.

15—14 KAS.

*Original Proceedings in Quo Warranto.*

QUO WARRANTO, to determine the right to the office of treasurer of Morris county. The facts sufficiently appear in the foregoing syllabus. The action was commenced in this court by Duncan McDonald, county attorney of Morris county, as relator, to determine *Conn's* right to hold said office of county treasurer. No briefs on file.

*Duncan McDonald,* and *Ruggles & Sterry,* for The State.

*M. B. Nichols, J. T. Bradley,* and *John Martin,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This is an original proceeding in the nature of *quo warranto,* to determine by what authority Malcolm Conn attempts to hold the office of county treasurer of Morris county. It appears from the pleadings and evidence that John R. Horner was the duly elected, qualified, and acting county treasurer of said county from July 1872 to July 1874. In November 1873 he was duly re-elected to said office, his second term to commence in July 1874; but he never legally qualified for his second term of office; and as we find from the evidence, he never entered upon the duties of his second term of office. He continued however to hold the office until August 7th, 1874, when the county commissioners of said county declared the office vacant, and appointed Malcolm Conn to fill the vacancy. Malcolm Conn qualified by giving bond and taking the oath of office, and immediately took possession of the office, and has been in possession thereof up to the commencement of this action. On October 6th 1874 the county commissioners of said county again declared the office of county treasurer vacant, so far as Horner was concerned, and again appointed Malcolm Conn county treasurer. But Conn never qualified under this second appointment. At the November election in 1874 L. P. Rude was duly elected county treasurer of said county, provided however

that any election should have been held at that time for that office. Rude afterward duly qualified, and now claims the office. Conn however claims that he has the paramount right to said office as against Rude, or any one else. Is he legally entitled to the office? This is the only question in this case. There is no theory upon which it can logically be maintained that Conn legally holds said office. If Horner is still legally entitled to hold the office, then of course Conn is not. If both the appointments of Conn were void, then of course Conn is not now entitled to hold the office. But even if both of said appointments were valid, still Conn would not be entitled to hold the office. If the first appointment were valid, then it necessarily follows that there must have been a vacancy in the office when Conn was appointed, for a valid appointment can be made by the county commissioners only to fill a vacancy. (Gen. Stat., 269, § 64; *Graham v. Cowgill*, 13 Kas., 114.) No authority is anywhere given to the county commissioners to appoint a county treasurer where the office is already legally filled. Hence, if the first appointment was valid, the second appointment was void, the office being at the time of the second appointment already legally filled. And if the first appointment was valid — being an appointment to fill a vacancy — the appointee, Conn, would hold his office under the appointment only until the next general election, and until his successor (elected at such election,) should qualify. (Gen. Stat., 269, § 64; id., pp. 418, 419, §§ 57, 58, 59; *Bond v. White*, 8 Kas., 333; *Hagerty v. Arnold*, 13 Kas., 367.) Hence, as L. P. Rude was duly elected as Conn's successor at the general election held in November 1874, and as Rude afterward duly qualified, Conn is no longer entitled to hold the office, but Rude is. But suppose the first appointment of Conn was void, and that the second appointment was valid: still Conn would not be entitled to hold the office, for he never qualified under the second appointment. He forfeited his right to hold the office under that appointment. (Gen. Stat., 293, 294, §§ 173, 179; *The State v. Matheny,*

7 Kas., 327.) He allowed vastly more than twenty days to elapse after he received notice of his second appointment, and after his term commenced, without qualifying, and never qualified under said appointment.

Our theory of the case is as follows: John R. Horner was legally the county treasurer of Morris county from the time he first took possession of the office until the first Tuesday of July 1874, and for twenty days thereafter. (Gen. Stat., 268, § 61; Constitution, art. 9, § 3; Gen. Stat., 293, 294; §§ 173, 179.) Whether he could have continued to hold his office for a longer time than that, under his first election and qualification, we do not now choose to decide. And whether Conn was ever legally the county treasurer of said county we shall express no opinion. (But upon these two questions, see Constitution, art. 9, § 3; *Borton v. Buck,* 8 Kas., 302, 312, et seq.; *Graham v. Cowgill,* 13 Kas., 114; *Bond v. White,* 8 Kas., 333.) But we think it is certain that Horner forfeited his office for the second term by not qualifying within the time prescribed by law. (Gen. Stat., ch. 25, pp. 268, 293, 294, §§ 61, 173, 179; *The State v. Matheny,* 7 Kas., 327.) He should have qualified by giving bond and taking the oath of office sometime after his election in November 1873, and between that time and twenty days after the first Tuesday of July 1874. But he did not do it, and hence his second term of office was forfeited, and the office became vacant. We shall assume, but without so deciding, that the first appointment of Conn was legal and valid. But whether it was so or not, Horner had forfeited that term; he had wholly abandoned the office; he made no claim to hold over under his former term, or under any other term, and the office was filled by a person holding it under an appointment only. Under such circumstances we think the election of Rude was legal, and that he is entitled to the office. But whoever may be entitled to the office, Conn is not.

Judgment will be rendered in favor of the state and against

the defendant, removing the defendant from said office of county treasurer.

All the Justices concurring.