## H. W. HUBBARD v. JOHN W. CRAWFORD.

1. COUNTY OFFICER; *Holding Over, After Term, Until Qualification of Successor.* All county officers elected for a full term, (except county commissioners,) hold for two years and until their successors shall be qualified. So, where the register of deeds elect fails or omits to qualify until several months after the commencement of the term for which he was chosen, (although waiting for a proper official canvass to be made of the votes cast at the election under which he claims,) the incumbent whose two-years term has expired but acts in accordance with his constitutional right in holding over until the officer elect duly qualifies.

2. ———— *Fees of Office, Where Officer Elect Fails to Qualify.* Where H. was the duly elected and acting register of deeds, and C. was elected his successor at the general election in November 1873, but failed to qualify till September 23d 1874, and there was no canvass of the votes or declaration of the result of the election of November 1873 till said September 23d, H., the incumbent, had the right to hold the office until C. qualified, and C. is not entitled to any of the fees or emoluments of the office for the time during which the former held over.

### Error from Harvey District Court.

ALL necessary facts appear in the subjoined opinion. *Crawford* had judgment at the September Term 1876 of the district court, and *Hubbard* brings the case here.

*C. S. Bowman,* for plaintiff in error.

*C. C. Nichols,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought in the court below by Crawford against Hubbard upon the latter's official bond as register of deeds of Harvey county, to recover the fees and emoluments of the said office from 12th January to 23d September 1874. The case was tried by the court, a jury having been waived. The court stated in writing the conclusions of fact found, separately from the conclusions of law. The court released the sureties on the official bond, but rendered judgment in favor of Crawford for $347.25.

The counsel for defendant in error objects to the consideration of the case-made, and asks for a dismissal of the proceedings here for the reason that said case-made was prematurely filed before the time had arrived for the defendant in error to submit amendments. The suggestion against the case-made is pertinent and forcible, and we cannot consider any part of the proceedings therein embodied. But anticipating this result, the counsel for plaintiff in error has sufficiently protected the interests of his client by also attaching to the petition in error a certified transcript of the record of the district court. And thus we have properly before us for review, the pleadings in the case, the conclusions of fact and of law, the motion for a new trial, the exceptions taken to said conclusions of law, the judgment, and journal entries. We shall disregard the case-made and confine ourselves to the certified transcript of the proceedings of the court below.

The facts in the case are substantially these: Prior to 12th January 1874, Hubbard was the duly elected, qualified, and acting register of deeds of Harvey county; at the general election in November 1873, Crawford was a candidate for said office, and received the largest number of votes therefor; the board of county commissioners of Harvey county failed and refused to canvass the votes cast for said candidate at that election at their meeting held on Friday next following the election, and delayed their canvass of the votes till September 23d 1874; Crawford never filed his oath of office, nor

his official bond, until after the canvass of the votes on September 23d 1874; the fees and emoluments of the office received by Hubbard from January 12th to September 24th, were $600, and during this time the value of Hubbard's labor and services rendered in attending to the duties of the office were $300; as soon as Crawford received his certificate of election, and had qualified, Hubbard turned over to him the office and its papers, books and records; Hubbard neither requested, solicited, nor persuaded the board of county commissioners of Harvey county not to canvass the votes. As a conclusion of law, the court below held, that although Crawford was not duly qualified as register of deeds till September 23d 1874, he was entitled to the fees and emoluments of the office from January 12th to September 24th, less $300, the value of Hubbard's services in discharging its duties.

The main question at issue is, whether Hubbard, the prior incumbent, or Crawford, was entitled to the fees and emoluments of the office of register of deeds of Harvey county for the time during which the former held over. The question is one of easy solution. Express provision is made by the constitution of this state, that all county officers shall hold their offices until their successors shall be qualified. (Art. 9, section 3.) A register of deeds is a county officer, and before he can enter upon the duties of his office must execute to the state of Kansas, and file with the county clerk of his county, a bond, in the penal sum of two thousand dollars, with two or more sufficient sureties, to be approved by said clerk, and must also within twenty days after receiving official notice of his election, or within twenty days after the commencement of the term for which he was elected, take and subscribe the oath of office prescribed by law, before some officer authorized to administer oaths, and deposit the same with his official bond, to be filed and preserved therewith. (Secs. 87, 173, ch. 25, Gen. Stat.) And the failure of a register of deeds to file his official oath and bond as required by law vacates his office. (*The State v. Matheny*, 7 Kas. 327; Gen. Stat., ch. 25, § 179.) Hubbard was not an

intruder in the office; he did nothing to delay a canvass of the votes, nothing to prevent a declaration of the result, nothing to hinder Crawford from taking the steps imposed and made preliminary to the exercise of the accustomed duties of the office. Crawford had no contest with Hubbard; and in fact the latter only acted in accordance with his constitutional right in holding over until Crawford was duly qualified. Under the conclusions of fact found, the court below erred in its conclusion of law, and in rendering judgment for the defendant in error. The law will not aid Crawford in compelling his predecessor in office to pay to him any part of the fees and emoluments received and earned by him prior to his qualification on Sept. 23d 1874. (See *Thompson v. Nicholson*, 12 Rob. (La.) 326; *Commonwealth v. Slifer*, 25 Penn. St. 23; *City of Philadelphia v. Given*, 60 Penn. St. 136.) Other questions are raised in the briefs of the counsel of plaintiff in error, but as the conclusion we have reached disposes of the case here, and will end the action in the court below, it is unnecessary to pass upon them.

It becomes our duty, upon the conclusions of fact, not only to reverse the judgment of the district court, but to remand the case with instructions to enter judgment for costs in favor of plaintiff in error, the defendant below. So ordered.

All the Justices concurring.