## A. W. CARPENTER v. ASA TITUS, JR.

SCHOOL-DISTRICT TREASURER, *May Qualify, When.* Where a person is duly elected to the office of school-district treasurer, and fails to qualify within twenty days thereafter, but has sufficient cause for such failure, he may afterward qualify and hold the office.

### *Error from Harper District Court.*

ACTION brought by *Carpenter* against *Titus*, to determine whether the plaintiff or the defendant was entitled to the office of treasurer of School District No. 8, in Harper county. Trial at the March Term, 1884, and judgment for defendant. The plaintiff brings the case to this court. The facts are stated in the opinion.

*I. P. Campbell*, for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of *quo warranto*, brought in the district court of Harper county by A. W. Carpenter against Asa Titus, jr., for the purpose of having the question determined whether the plaintiff or the defendant was entitled to the office of treasurer of School District No. 8, in said county. Under the pleadings, both parties claim to be the regular and legal school-district treasurer for said district. The case was tried before the court, without a jury, and upon the trial the plaintiff proved that he had been duly elected to the office, but that he had not qualified within twenty days thereafter. The plaintiff then offered to prove that he had been acting as school-district treasurer for said

district ever since his election; that he had been generally recognized by all persons as such school-district treasurer; that he had properly qualified for the office, but not within twenty days after his election; and that he had a sufficient cause for not qualifying within that time. But the defendant objected to all this proof, upon the ground that it was immaterial and irrelevant, and did not show or tend to show the plaintiff's right to the office; and the court sustained the objection, and refused to permit the plaintiff to introduce any such proof. The plaintiff then rested his case, and the defendant demurred to his evidence, upon the ground that it did not prove any cause of action against the defendant; and the court sustained the demurrer and rendered judgment in favor of the defendant and against the plaintiff for costs. The plaintiff, as plaintiff in error, now brings the case to this court, and asks for a reversal of such judgment.

The only question presented to this court is, whether the court below erred in refusing to permit the plaintiff to make the proof which he offered to make, upon the trial of the case. The decision of the court below excluding such proof, was made upon the theory, as we understand, that the plaintiff had forfeited his office by virtue of the provisions of § 3, article 4, chapter 92, of the Comp. Laws of 1879, relating to schools, and according to the decision of this court made in the case of *The State v. Matheny*, 7 Kas. 327. Said section reads as follows:

"SEC. 3. Every person duly elected to the office of director, clerk or treasurer of any school district, who shall refuse or neglect, without sufficient cause, to qualify within twenty days after his election or appointment, or who, having entered upon the duties of his office, shall neglect or refuse to perform any duty required of him by the provisions of this act, shall thereby forfeit his right to the office to which he was elected or appointed, and the county superintendent shall thereupon appoint a suitable person in his stead."

We think the decision of the court below is erroneous. The defendant had a right to show that he had "sufficient cause" for not qualifying within twenty days after his election, and

that he had qualified for such office after that time; otherwise, the words "without sufficient cause," contained in the foregoing section, would be superfluous. The case of *The State v. Matheny*, 7 Kas. 327, has no application to this case. The statute under which that case was decided contains no such words as "without sufficient cause." That statute provides, among other things, that the "office shall become *vacant*," absolutely, on the happening of the event of the officer's neglect or refusal to qualify, or to deposit his official oath and bond within the time prescribed by law, which is within twenty days after his receiving official notice of his election or appointment, or within twenty days after the commencement of the term of office for which he was elected. (*The State v. Matheny*, 7 Kas. 330; Gen. Stat. 1868, ch. 25, §§ 173, 179; Comp. Laws of 1879, p. 311, ch. 25, §§ 173, 179.)

And further, we might say, that at the time this proof was excluded there had been no admission, by the pleadings or otherwise, and no evidence introduced, tending to show that the defendant had any right, title or interest in or to the office, further than he merely claimed to be entitled to the office, and was attempting to intrude himself into the same; and therefore unquestionably, upon the evidence introduced and offered, the plaintiff — as between the plaintiff and the defendant — was entitled to the office. In this respect, this case also differs from the case of *The State v. Matheny*, for in that case the action was commenced by the State of Kansas, on the relation of the attorney general; and the State of Kansas had a right to oust the defendant in that case, even if no other person had any right to the office. In that case the defendant was ousted upon the theory that the office was "vacant;" while the most that can be claimed in this case is, that the plaintiff has "forfeited his right to the office." But the state is not seeking to enforce the forfeiture. This case is purely a contest between two claimants to the office; and, as no other person is claiming the office, the question is merely a question as to which of these two claimants has the better right to the office. Of course, if the plaintiff had no right whatever to

the office, he could not recover; but he has shown that he has some right thereto.    He was elected to the office, took possession thereof, afterward qualified, though not within twenty days, but he offered to prove that he had "sufficient cause" for not qualifying within that time, and the state has not yet seen fit to commence any proceedings against him to oust him from the office, or to have it determined that he is not entitled to the office; and a mere intruder, or attempted intruder, as the defendant now seems to be, has no right to question his right to the office.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

HORTON, C. J., concurring.

JOHNSTON, J., not sitting.