### E. P. DAVENPORT ET AL. V. EASTLAND COUNTY.

#### No. 954. Decided January 14, 1901.

**County Treasurer—Fees—Salary.**

A county treasurer, paid by fees not to exceed $2000 per year, held office three days after the expiration of his two years' term. Held, that he was not entitled, as compensation for such service, to all the lawful commissions on money received and paid out while so holding over, but only to so much as would equal 3/365 of $2000. (Pp. 279-281.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Second District, in an appeal from Eastland County.

*J. H. Calhoun* and *Scott & Brelsford,* for appellant. No briefs for appellant were on file, but in a motion for rehearing before the Court of Civil Appeals, upon which the question was certified, counsel contended:

From the memorandum made by this honorable court in this cause it is evident that the court erroneously held that the office of county treasurer of said Eastland County was a salaried office or one whose incumbent received as compensation a regular stipend, and not one whose incumbent was compensated by fees exclusively.

The court erred in holding that the word "annually," where used in the Revised Statutes in limiting the fees that may be allowed to a county treasurer, refers to the twelve calendar months immediately following any date on which a treasurer might qualify, because the law does not so declare, and the undisputed testimony in this case was to the effect that the first day of November of each year was regarded as the beginning of each year.

If this court was correct in holding that in this case the year began with the 17th day of November, A. D. 1896, and that the defendant E. P. Davenport held said office for three days in excess of said two years, even then the court was in error in affirming said judgment; because the burden of proof was on the plaintiff to show that the defendant Davenport had received a sum in excess of $2000 during one year, and to further show what was the amount of said excess. The testimony does not show that $414.41 or any sum whatever in excess of $2000 was received during any one year, and there is no intimation from the evidence that the total sum of $430.85 was not received by the defendant Davenport as his lawful commission for moneys received and disbursed by him during said three days beginning November 17, 1898. And when we further consider that defendant

plead that he had made a full settlement of his accounts as county treasurer with the officials of said county, and the evidence showed that the Commissioners Court of said county had approved his said reports and allowed said commissions, the presumption is, in the absence of proof or allegations to the contrary, that said sum of $430.85 was justly due to said Davenport as a lawful commission, and this court should have reversed the judgment of the trial court and rendered judgment for the defendants.

The court erred in estimating that the said E. P. Davenport as treasurer was entitled to $5.48 a day for the three days that he held said office in excess of two years; because said office was not a salaried office, and there was no evidence to the effect that the fees of said office from the 17th day of November, 1898, to the 17th day of November, 1899, would amount to the sum of $2000, or even half that amount, but such treasurer's compensation should be estimated only by the amount of money received and disbursed, and not by the number of days he occupied said office, where there is no proof the annual fees would reach $2000 for the year, a part of which he held said office before his successor qualified. As to the distinction between "fees" and "salary," see 12 Am. and Eng. Enc. of Law, 2 ed., p. 889, and notes; Black's Law Dic.; Cowdin v. Huff, 10 Ind., 83; Landis v. Lincoln County, 31 Ore., 426; Musser v. Good, 11 S. & R. (Pa.), 247; Tillman v. Wood, 58 Ala., 578.

The court erred in holding that the appellee, Eastland County, was entitled under the evidence to have judgment against these defendants, because, as stated in appellant's first assignment of error, the appellee, Eastland County, had not paid out as commissions to such treasurer E. P. Davenport any sum exceeding $2000 during any one year. And if this honorable court were of the opinion that an officer, in justice to his successor, should not during a part of the year perform more than a pro rata of the annual duty of such officer and receive as compensation more than his pro rata of the fees of such office for one year, it does not follow that the plaintiff, Eastland County, is entitled to recover on account of such excess, or that any law does exist or should exist to that effect. The contention in that case should be between the outgoing officer, E. P. Davenport, and his successor, M. A. Wood, and not between Eastland County and said E. P. Davenport; for it is not shown that said Eastland County paid or was liable to pay exceeding $2000 to its county treasurers during any twelve months.

*J. ·R. Stubblefield* and *J. J. Butts,* for appellee.—The appellant Davenport having served two years and two days as county treasurer of Eastland County, and having received two thousand dollars for the first year and a like amount for the second, was only entitled to receive and retain 2/365 of two thousand dollars for the two days

additional service.   Rev. Stats., arts. 2469, 3270, subdiv. 11; Kearney v. Cruikshank, 117 N. Y., 99; 2 Am. and Eng. Enc. of Law, 2 ed., 385; Nolan County v. State, 83 Texas, 199.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Second District has certified to this court the following statement and question:

"This suit was brought by Eastland County to recover from appellant, former treasurer of said county, and the sureties on his official bond, the sum of $414.41, which it is alleged he retained as commissions more than he was entitled to retain under the law.

"The facts, briefly stated, are these:  Mr. Davenport was elected county treasurer for said county on the first Tuesday in November, 1896, and qualified by giving bond and taking the oath of office. on the 17th day of November, 1896.   He made quarterly reports of the amounts received and paid out by him, which showed that from November 17, 1896, to October 31, 1897, he received $1999.99 as commissions, and from November 1, 1897, to October 31, 1898, he had received $1999.99.   From November 1 to November 19, 1898, he received $10,066.51 and paid out $8381.83, upon which he claimed and retained as his commissions, $434.85.

"The Commissioners Court fixed his compensation at 2½ per cent for collecting and 2½ per cent for paying out.   Mr. Davenport's successor in office qualified on the 19th day of November, 1898.

"The appellee county contends and the trial court held, that Davenport's term of two years began on the 17th day of November, 1896, and ended on the 17th day of November, 1898, and judgment was rendered against him for $414.41, allowing him only 3/365 of $2000 for the three days he held over two years, from which this appeal is prosecuted.

"We deem it advisable to certify to your honors for decision, Chief Justice Conner being disqualified, the question involved in the motion for rehearing now pending in this court and arising from the above facts, which is, whether or not appellant Davenport was entitled to retain commissions on the moneys collected and disbursed on the 17th, 18th, and 19th days of November, 1898, in excess of 3/365 of $2000, that is, whether the limitation in the statute that the salary of a county treasurer shall not exceed $2000 annually applies to the time appellant Davenport held over so as to limit his allowance for that time at the rate of $2000 per annum, or whether he was entitled to commission on all the moneys received and paid out during said three days not to exceed $2000?"

To the above question, we answer that the appellant was entitled only to recover that proportion of the sum of $2000 which the time he served, after the expiration of his term, bears to the whole year.

The Constitution of this State and the statute fixes the term of

office of a county treasurer at two years and until his successor is elected and qualified. The compensation is regulated by the following articles of the Revised Statutes:

"Article 2467. The county treasurer shall receive commissions .on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, however, he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office.

\*       \*       \*       \*       \*       \*       \*       \*       \*

"Article 2469. The commissions allowed to any county treasurer shall not exceed two thousand dollars annually."

The Commissioners Court of Eastland County fixed the treasurer's compensation at 2½ per cent on sums received and on sums paid out. He was entitled to that per cent, not to exceed the sum of $2000 per annum.

When the compensation is by law to be paid in fees, the incumbent of an office who holds over after his term, awaiting the qualification of a successor, is entitled to the fees for such work as he may do in the office during that time. Hubbard v. Crawford, 19 Kan., 570. And where the compensation of an officer is fixed at a salary for the year and the incumbent holds over beyond his regular term, he is entitled to receive that proportion of the salary for the year that the time he holds over bears to the year. Robb v. Carter, 65 Md., 321. A county treasurer in this State is not entitled to all fees which may accrue on moneys received and paid out by him, but only to receive such fees as may accrue, not to exceed the sum of $2000 for the year. Neither is he entitled to receive the entire sum of $2000 per annum, but to receive $2000, provided the fees of his office aggregate that sum. From these provisions, we conclude that it was the intention of the Legislature to give to the county treasurer $2000 per annum, to be paid out of the fees which might be fixed by the commissioners court, if such fees should amount to that sum, and we believe that under the facts of this case the treasurer was not entitled to the great excess of fees that he received within so short a time after the expiration of his term and before his successor qualified, but that it ought to be treated as if he were upon a salary of $2000 a year and give him the proportionate part of such salary for the length of time he was engaged in serving the county, provided the fees accruing during the time should be equal to that proportion of the whole salary.

The contention of the appellant would result in one of two things: Either the county must pay for the year's services to the successor $2000, if his fees should amount to so much, which, added to the $434 claimed by the appellant, would make the cost of that office for the year

$2434, in violation of the statute; or the successor in office must get only $1536, although his work might amount to more than the $2000. Such a result is not consistent with the legislative policy, as outlined in the articles of the statute above quoted.