### HILL COUNTY v. SAULS.†

(Court of Civil Appeals of Texas. Jan. 14, 1911. Rehearing Denied Feb. 4, 1911.)

1. COUNTIES (§ 74*)—TREASURERS—COMPENSATION.

Under Const. art. 16, § 44, giving county treasurers such compensation as may be provided by law, and under Rev. St. 1895, art. 2467, providing that they shall receive commissions not exceeding a stated percentage to be fixed by the commissioners' court, the amount of commission is discretionary with that court; but it cannot validly provide that he shall receive no commission, and, on such order being made, the treasurer is entitled to the commission fixed by a previous order.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 74.*]

2. COUNTIES (§ 74*)—TREASURERS — COMPENSATION.

Under Rev. St. 1895, art. 2467, providing that county treasurers shall receive commissions

---

on moneys received and disbursed not exceeding a certain percentage to be fixed by the commissioners' court, the treasurer who served more than one year was entitled to commissions as money was received and paid out, and not a proportionate amount of the commissions for the time he served.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 74.*]

3. COUNTIES (§ 74*)—TREASURERS — COMPENSATION.

Under Rev. St. 1895, art. 2467, providing that county treasurers shall receive commissions not exceeding 2½ per cent. on receipts and disbursements, to be fixed by the commissioners' court, courts cannot interfere with an order fixing the commission at 1½ mills on the dollar.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 74.*]

Appeal from District Court, Hill County; W. C. Wear, Judge.

Action by Dellie Sauls against Hill County. Judgment for plaintiff, and defendant appeals; plaintiff assigning cross-error. Affirmed.

Frazier & Shurtleff, for appellant. F. P. Works, W. C. Morrow, and William C. Morrow, for appellee.

RAINEY, C. J. This suit was brought by appellee to recover of Hill county, appellant, certain fees of office claimed to be due him as county treasurer of said county. Appellant answered by general denial, and specially answered, in effect, that all sums due him as such treasurer have been paid him; that the compensation to which he was entitled as treasurer had been fixed by the commissioners' court prior to his election and induction into office, and he was not led to believe he would receive any greater amount for his services; that he accepted the amount so paid him in full settlement of the services so rendered, and he is estopped from claiming further compensation. A trial resulted in a judgment in favor of appellee for $838.68 with interest, and appellant appeals.

There is no controversy as to the facts, which consist of agreements of counsel and orders of the commissioners' court, as follows: "It is agreed that the plaintiff was elected county treasurer at the November election, 1908, and qualified the 1st of December, 1908; that the funds received by him between December 1, 1908, and March 13, 1909, exclusive of what he received from his predecessor and exclusive of school fund, amounts to $77,988.76; that the total compensation on that at 1 per cent. would be $986.45; and that he has received during that period $140.87."

The commissioners' court of Hill county passed the following orders:

"It is the sense of the commissioners' court that on December 1, 1908, and after the present term of the county treasurer, Mr. Albert L. Welch, has expired, the commissions received by the county treasurer be limited to that to which he is entitled by law for receiving and disbursing the school funds, and that he receive no commissions on other county funds received and disbursed by said officer, and it is so ordered this January 16, 1908.

"On this, the 16th day of February, 1906, the court took up the matter of fixing the commissions to be paid and allowed the county treasurer for his services for receiving and paying out the funds of Hill county as such treasurer. And the court, after considering the same, all members being present and acting, made the following order: It is ordered by the court that the commission hereafter to be allowed and paid to the county treasurer for his services as such shall be for receiving the funds on which a commission is legally chargeable, the rate of 1 per cent. And on all funds paid out on which a commission is legally chargeable the rate of 1 per cent.

"On this 13th day of March, 1909, the matter of the commissions to be allowed the county treasurer came on to be considered by the court, and the matter of determining what should be done with the order of this court made and entered on January 16, 1908, and entered in this volume on page 206, and the court, having fully considered the matters involved here, enters this order: It is hereby ordered that the order of this court entered on January 16, 1908, be, and the same is hereby, rescinded, and that the county treasurer be, and he is hereby, allowed 1½ mills on receipts and 1½ mills on disbursements, and that this order take the place of the order entered as above stated on page 206 of this volume. The purpose of this order is to do away with the former order of this court, and to fix a commission of 1½ mills for receipts and 1½ mills for disbursements by the county treasurer, from and after December 1, 1908. Done in open court, all members thereof being present and acting. March 13, 1909.

"It is agreed that the 1½ mills referred to in the above order meant 1½ mills on the dollar. It is further agreed that the plaintiff at the time he qualified as county treasurer, and at the time he performed the services, knew of the existence of the order of January 16, 1908, and that he knew that it was the purpose of that order to reduce the salary; that that order meant just what it said, that he was not to have any salary or compensation for the work, further than that provided in said order."

The first question to be considered is: Was the action of the commissioners' court of Hill county on January 16, 1908, limiting the commissions of the treasurer to what he was allowed by law for receiving and disbursing the school funds and denying him commissions as to all other funds, void and of no effect?

The law relating to the compensation of

the county treasurer in force at the time said action was taken by said commissioners' court was as follows: Const. Tex. art. 16, § 44, directs: "The Legislature shall prescribe the duties and provide for the election by the qualified voters of each county in this state, of a county treasurer and county surveyor, who shall have an office at the county site and hold their office for two years, and until their successors are qualified; and shall have such compensation as may be provided by law." Article 2467, Sayles' Ann. Civ. St. 1897, provides: "The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners' court as follows: For receiving all moneys, other than school funds for the county, not exceeding two and one-half per cent., and not exceeding two and one-half per cent. for paying out the same; provided, however, he shall receive no commission for receiving money from his predecessor nor for paying over money to his successor in office." Article 2468, Sayles' Ann. Civ. St. 1897, provides: "The treasurers of the several counties shall be treasurers of the available free school fund, and also of the permanent county school fund for their respective counties. The treasurers of the several counties shall be allowed for receiving and disbursing the school funds one-half of one per cent. for receiving, and one-half of one per cent. for disbursing, said commission to be paid out of the available school fund of the county; provided, no commission shall be paid for receiving the balance transmitted to him by his predecessor, or for turning over the balance in his hands to his successor; and provided further, that he shall receive no commission on money transferred." Acts 31st Leg. p. 22, § 154a, provides: "That no commission shall hereafter be paid for receiving and disbursing the school fund."

The Constitution created the office of county treasurer and provides that he "shall have such compensation as may be provided by law." This evidently contemplates that the Legislature should enact some provision which would entitle the county treasurer to some compensation. In obedience to this, the Legislature did enact article 2467, Rev. St. 1895, which provides that the treasurer shall receive commissions on all moneys received and disbursed, other than school funds for the county, not exceeding 2½ per cent. for receiving and not exceeding 2½ per cent. for paying out the same, except such as received from his predecessor, and that turned over to his successor. While this law left it discretionary with the commissioners' court to fix the compensation, not to exceed the 2½ per cent., as stated, yet by its terms it is evident that the commissioners' court was to fix some remuneration for services rendered, and the action denying any compensation whatever was contrary to the spirit, if not the letter, of said law. We there-

fore are of the opinion that said action of the commissioners' court in failing to allow compensation was void and of no effect, and that the order theretofore existing allowing commissions of 1 per cent. on all moneys received and on all moneys paid out remained in full force until March 13, 1909, when said court fixed the compensation at 1½ mills on the dollar.

Appellant complains that the judgment is excessive, in that a greater sum was allowed appellee than he was entitled to, and contends that the commissions for the time which appellee held the office prior to March 13, 1909, should have been the proportion of $2.000 as that time bears to the whole year. The case of Davenport v. Eastland Co., 94 Tex. 277, 60 S. W. 243, is cited in support of appellant's contention. In that case the county treasurer had qualified on November 1, 1896, and served until his successor qualified on November 19, 1898, something over two years. Between November 1, 1898, and November 19, 1898, he collected and paid out considerable money, and the question was whether he was entitled to full commissions on the moneys received and paid out, or only such proportion of $2,000 as the time he served over two years bears to the whole year. Had he been allowed to retain the full commissions on the amount collected and paid out, injustice would have been done his successor, as appellant would have gotten a greater proportion of the $2,000 than he was entitled to. But such is not this case. Here, the treasurer served for more than 12 months, and he was entitled to commissions on the money as it was received and paid out, and the sum he received for commissions, not exceeding $2,000 for that year, the county is in no attitude to complain.

Appellee presents a cross-assignment of error to the action of the court in sustaining an exception to his plea seeking to recover commissions in excess of 1½ mills on the dollar for services rendered after March 13, 1909. Plaintiff pleads that he was entitled to commissions at the rate of 1½ per cent. on the moneys collected, contending that the order of March 13, 1909, was void in that the commissions allowed were unreasonable, being insufficient compensation for the services rendered.

The law vested in the commissioners' court the power to fix the commissions of county treasurer; the only limitation being that it should not exceed 2½ per cent. on the dollar for receiving and paying out money. Having fixed the maximum rate, it seems, had the lawmakers intended the commissioners' courts should not fix a lower rate, they would have so said. As the amount fixed was within the discretion given by law, it is not within the power of the courts to interfere. Besides, appellee was aware of the court's action, and, if the compensation was too small, he was not compelled to perform the services, and, having done

so, he cannot complain. It may be that the compensation fixed was too small and an injustice done appellee, but, on the other hand, the compensation may have been sufficient under the then existing conditions; at any rate, the commissioners' court has exercised the discretion granted by law, and this court is powerless to interfere. Riggins v. Richards, 79 S. W. 84; Sanderson v. Pike Co., 195 Mo. 598, 93 S. W. 942.

The judgment is affirmed.