

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXIXXXXXXXON
ATTORNEY GENERAL

Honorable W. L. McConnell
District Attorney
84th Judicial District
Panhandle, Texas

Dear Sir:                    Opinion No. 0-5161
                             Re:  Is a county and district clerk en-
                                  titled to retain such fees as he
                                  had collected during the month of
                                  December even though the official
                                  whom he had succeeded in office had
                                  collected the maximum allowed by
                                  law?

Your letter of March 22, 1943, requesting the opinion of this department on the above stated question is in part as follows:

"The County and District Clerk of Carson County, Texas, died during the early part of December, 1942. At the time of his death he had collected the maximum amount of fees allowed by law for the year, 1942. His successor in office collected additional fees during the remainder of the month of December.

"An examination of the Articles of the Revised Civil Statutes pertaining to fees of office and particularly Article 3883 and the succeeding articles thereto and the cases cited thereunder has not revealed to me the answer to the question propounded by the County and District Clerk, who finished out the year subsequent to the death of the incumbent in the office, as to whether or not he was entitled to retain such fees as he had collected during the month of December even though the official whom he had succeeded in office had collected the maximum allowed by law.

"................"

Carson County has a population of 6,624 inhabitants according to the 1940 Federal Census and the County officials of said County are compensated on a fee basis. The same offi-

cial in Carson County performs the duties of District and County Clerk.

Article 3898, Vernon's Annotated Civil Statutes provides:

> "The fiscal year, within the meaning of this
> Act, shall begin on January 1st of each year; and
> each district, county and precinct officer shall
> file his report and make the fiscal settlement re-
> quired in this Act not later than February 1st of
> each year; provided, however, that officers re-
> ceiving an annual salary as compensation for their
> services shall, by the close of each month, pay
> into the Officers' Salary Fund or funds, all fees,
> commissions and compensation collected by him dur-
> ing said month. Whenever such officer serves for
> a fractional part of the fiscal year, he shall
> nevertheless file his report and make final settle-
> ment for such part of the year as he serves and
> shall be entitled to such proportionate part of
> his compensation as the time for his service bears
> to the entire year."

We have been unable to find any case where the appellate courts of this State have passed upon the identical question presented in your inquiry. However, there are several cases involving similar questions pertaining to county treasurers.

We first direct your attention to the case of Davenport v. Eastland County, 60 S. W. 243. The material facts in that case were that Davenport, who was County Treasurer of Eastland County, held over for three days on account of delay of his successor in qualifying. During those three days the commissions of the Treasurer upon the percentage fixed by the Commissioners' Court amounted to $434.85, which amount Davenport retained and claimed as his own. The County sued Davenport and was awarded judgment in the trial court in the sum of $414.41. The amount was arrived at by allowing Davenport to retain as compensation for his services 3/365ths of $2000.00. In other words his compensation was fixed at the same ratio to $2000.00 that the number of days served bears to the number of days in a year. Davenport appealed and the Court of Civil Appeals certified to the Supreme Court the question arising upon the above facts. To that question the Supreme Court made answer that Davenport was entitled to retain only that portion of the sum of $2,000.00 which the time he served after the expiration of his term bears to the whole year. The Court further stated in effect that while recognizing that a treasurer's compensation is not, strictly speaking a salary, the

compensation to which he is entitled is not a fee for the performance of such acts, but is an annual compensation for his services for an entire year. The fact that it is payable in the form of commissions as and when those commissions accrue often result in making his compensation payable largely in advance, but that does not alter the conclusion that payment is for service for an entire year to be returned ratably if the service is not performed.

(To the same effect see the case of Tom Green County v. Motley, 118 S. W. (2) 306).

Under Article 3883 and Article 3891, Vernon's Annotated Civil Statutes the maximum compensation cannot exceed $3,000.00 per year.

Following the same reasons as stated in the foregoing cases it is our opinion that the deceased Clerk was entitled to retain only that portion of the sum of $3,000.00 which the time he served bears to the whole year. It is our further opinion that his successor in office is entitled to retain that portion of the sum of $3,000.00 which the time he served bears to the whole year. In other words the deceased official and his successor in office are allowed to retain between them the maximum sum of $3,000.00 to be prorated or divided as heretofore stated. The excess fees collected by the deceased officer and the present incumbent which the county is entitled to must be paid to the county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:mp:wc

APPROVED MAR 30, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman