

# THE ATTORNEY GENERAL

## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

September 3, 1947

Hon. Hill D. Hudson
County Attorney
Reeves County
Pecos, Texas

Opinion No. V-367

Re: Maximum compensation
for the balance of 1947
of the new County Attor-
ney who qualified for
the position on August
14, 1947.

Dear Sir:

You have requested our opinion on the above subject matter. Your request is as follows:

"I today qualified as county attorney of Reeves County to fill the unexpired term of T. F. Slack. At the time of his death, Mr. Slack had collected as fees of office approximately Thirty-Three Hundred Dollars ($3300.00) during the current year since January 1st, 1947. His death occurred in July of this year. This county has a population, according to the 1940 census, of 8,006 people. The tax rolls show a valuation of slightly in excess of $8,000,000.00.

"In order to avoid confusion and some difference of opinion I respectfully request an opinion from your office on the following questions:

"1. What is the maximum amount of compensation which may be retained by the county attorney of this county?

"2. Am I entitled to receive and retain during the remainder of this year five-twelfths (5/12ths) of such maximum compensation, or am I limited to the difference between such maximum compensation and the amount previously drawn by the deceased?"

Reeves County has a population of 8,006 inhabitants according to the last preceding Federal census and

its county officials are compensated on a fee basis.
Therefore, the compensation of the county attorney is
governed by the provisions of Articles 3883 and 3891,
V.C.S.

It was held in our Opinion No. V-13, a copy
of which we are enclosing, that the maximum compensa-
tion of those officials in counties containing 25,000
or less inhabitants who are governed by Articles 3883
and 3891 is Three Thousand Seven Hundred Fifty ($3,750)
Dollars per annum. In answer to your first question,
therefore, it is our opinion that the maximum compensa-
tion the county attorney of Reeves County may receive is
Three Thousand Seven Hundred Fifty ($3,750) Dollars per
annum.

Article 3898, V.C.S., provides:

"The fiscal year, within the meaning
of this Act, shall begin on January 1st of
each year; and each district, county, and
precinct officer shall file his report and
make the final settlement required in this
Act not later than February 1st of each year;
provided, however, that officers receiving
an annual salary as compensation for their
services shall, by the close of each month,
pay into the Officers' Salary Fund or funds,
all fees, commissions and compensation col-
lected by him during said month. Whenever
such officer serves for a fractional part of
the fiscal year, he shall nevertheless file
his report and make final settlement for such
part of the year as he serves and shall be
entitled to such proportionate part of his
compensation as the time for his service bears
to the entire year." (Emphasis ours)

In the case of Tom Green County v. Motley, (Com.
App.) 118 S.W. (2d) 306, J. M. Harper was elected treasurer
of Tom Green County for a term of two years commencing on
January 1, 1933, and he served in that capacity until his
death May 6, 1934. He had received at that time the maxi-
mum amount of commissions he was allowed for the entire
year. The question before the Supreme Court was whether
his estate was entitled to retain the full amount of com-
missions Harper had retained or only that portion of the
annual compensation that the time he served bears to the
entire year. The Court took the latter view. Referring
to the case of Davenport v. Eastland County, 60 S.W. 243,
the Court stated the following:

". . . The construction of the statutes there given and the reasoning there employed, when applied to the facts of the instant case, lead certainly to but one conclusion, and that is that Harper's estate was entitled to retain only that portion of the annual compensation of $2,000 which he earned, and that such amount bears the same ratio to $2,000 that the time served bears to one year. While recognizing that a treasurer's compensation is not, strictly speaking, a salary, the opinion in that case decides the question presented just as if it were a salary, basing the ratio upon the time of service alone. The compensation to which he is entitled is not as fees for the performance of certain acts, but is an annual compensation for his services for an entire year. The fact that it is payable in the form of commissions as and when those commissions accrue often results in making his compensation payable largely in advance, but that does not alter the conclusion that payment is for service for an entire year to be returned ratably if the service is not performed."

Following the reasoning in the above cases, it was held in our Opinion No. O-5161 that where the county and district clerk of Carson County died during his term of office, his successor was entitled to that portion of the maximum compensation which the time he serves bears to the whole year.

According to our recent telephone conversation, the Commissioners' Court of Reeves County has set the maximum compensation of the county attorney at Three Thousand Seven Hundred Fifty ($3,750) Dollars, and since you qualified for the office of county attorney on August 14, 1947, it is our opinion that the maximum amount of compensation you are allowed for the year 1947 is 140/365ths of $3,750.

### SUMMARY

The maximum compensation that may be allowed the County Attorney of Reeves County

for the year 1947 is $3,750.  Articles
3883 and 3891, V. C. S.  Where the County
Attorney qualifies for office on August
14, 1947, he may receive only 140/365ths
of $3,750.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

JR:djm

APPROVED:

*Price Daniel*
ATTORNEY GENERAL