

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

June 15, 1948

Hon. J. H. Kidd, Jr.
County Attorney
Kleberg County
Kingsville, Texas

Opinion No. V-602

Re: Maximum compensation
of County Treasurer
of Kleberg County.

Dear Sir:

Your request for our opinion on the above subject matter is, in part, as follows:

"A question has arisen in this county concerning the maximum amount of commissions which may be retained by the County Treasurer as compensation for his services.

"The County Treasurer is compensated by commissions only. The rate is established by order of the Commissioners' Court at $0.0075 per $1.00 paid in or paid out by the treasurer, all transfers excepted. The treasurer handles only the usual county general funds.

"The present treasurer assumed the duties of the office May 1, 1946 upon the resignation of his predecessor, and was duly appointed by order of the Commissioners' Court on May 3, 1946. The following information is taken from his annual reports for the calendar years 1946 and 1947:

```
"Total commissions collected $3,824.87
     Premium on Surety
     bond (less)                  125.00
           1946  Net          $3,699.97
Maximum commissions allowed
     under Art. 3943            3,750.00
Excess due county                 None
```

Total commissions collected $5,278.32
    Premium on Surety
    bond (less)                    125.00
        1947 Net               $5,153.32
Maximum commissions allowed
    under Art. 3943              3,750.00
Excess due county              $1,403.32

(the $1,403.32 was refunded
in January, 1948)

"The County Treasurer is of the
opinion that he is permitted a maxi-
mum of $3,750.00 commissions for com-
pensation. It is our opinion that the
maximum compensation he may be allowed
is $2,000 annually and that he is wrong-
fully withholding $1,750.00 collected
during the year 1947, and $2,366.54 col-
lected during the year 1946 . . .

"We would appreciate your office
advising us whether or not the Maxi-
mum commissions allowed the County
Treasurer of Kleberg County is $2,000
or $3,750 annually, and whether or not
the treasurer is entitled to the full
maximum amount for the year 1946."

You have informed this office in answer to our
request for additional information that Kleberg County
does not have any navigation or drainage districts and,
therefore, the County Treasurer does not receive any
compensation under Articles 8148 and 8221, V. C. S.

Kleberg County has a population according to
the 1940 Federal Census of 13,334 inhabitants. Its tax
valuations according to the 1945, 1946 and 1947 tax
rolls are as follows: 1945 - $10,593,030; 1946 - $13,-
486,690; 1947 - $15,917,690.

Its county officials have been compensated for
the years 1946, 1947 and 1948 on a "fee" basis. There-
fore, the compensation of the county treasurer for the
years 1946, 1947 and 1948 has been governed by the pro-
visions of Article 3943, V. C. S. We quote that portion
of Article 3943 applicable to Kleberg County:

"(a) The commissions allowed to

any county treasurer shall not exceed
Two Thousand Dollars ($2,000) annual-
ly; . . .

"(b) The Commissioners Court is
hereby authorized, when in their judg-
ment the financial condition of the coun-
ty and the needs of the county treasurer
justify the increase, to enter an order
increasing the compensation of the coun-
ty treasurer in an additional amount not
to exceed twenty-five per cent (25%) of
the sum allowed under the law for the
fiscal year of 1944, provided the total
compensation authorized under the law for
the fiscal year 1944 did not exceed the
sum of Three Thousand, Six Hundred Dol-
lars ($3,600)."

Subdivision (b) above quoted was enacted by
H. B. 258, Acts of the 50th Legislature, 1947, p. 52,
and became effective September 5, 1947 (90 days after
date of adjournment of the 50th Legislature). Attor-
ney General's Opinions Nos. V-231 and V-277. In 1946,
therefore, only that portion of subdivision (a) of Art-
icle 3943 above quoted was applicable to Kleberg Coun-
ty and it is our opinion that the maximum compensation
of the county treasurer of Kleberg County for 1946 was
$2,000. See Attorney General's Opinion No. V-13, a copy
of which is enclosed.

In construing subdivision (b) of Article 3943
above quoted, this office held in Opinion No. V-231:

"In construing S. B. 123, Acts of
the 49th Legislature, (an act which con-
tains practically the identical provi-
sions of H. B. 258, Acts of the 50th Leg-
islature, but applicable to different of-
ficials) this Department has consistent-
ly held that where S. B. 123 is applicable,
the Commissioners' Court is authorized
when in their judgment the financial con-
dition of the county and the needs of the
officers justify the increase, to enter
an order raising the maximum compensation
allowed by law to an amount not exceeding
twenty-five (25%) per cent of the sum al-

lowed for the fiscal year 1944.

"Therefore, it is the opinion of this Department that upon the effective date of H. B. 258, Acts of the 50th Legislature, (90 days after adjournment) the Commissioners' Court of Hutchinson County will be authorized to increase the compensation of the County Treasurer of said County in an additional amount not to exceed twenty-five (25%) per cent of the maximum sum al-lowed under the law for the fiscal year 1944; provided the total compensation auth-orized under the law for the fiscal year 1944 did not exceed $3600.00.  In other words, it allows the Commissioners' Court to raise by twenty-five (25%) per cent the maximum amount of lawful commissions the county treasurer may retain.  Any increase in compensation for the year 1947, however, must be in the same proportion as the bal-ance of the year relates to the total an-naul increase that may be made under H. B. 258."

Applying the principles announced in Opinion No. V-231, the Commissioners' Court of Kleberg County had the authority on September 5, 1947, to grant the county treasurer an additional increase in compensa-tion not to exceed 25% of $2,000.  Such increase, how-ever, must have been in the same proportion as the bal-ance of the year relates to the total annual increase that may be made under subdivision (b) of Article 3943. (117/365ths of $500.00).  Therefore, the maximum com-pensation of the county treasurer for the year 1947 was between $2,000.00 and $2,160.27, ($2,000 plus $160.-27 - 117/365ths of $500) depending upon the order, if any, passed by the Commissioners' Court under the pro-visions of subdivision (b) of Article 3943, V. C. S.

We quote the following from Harris County v. Charlton, 243 S. W. 460, 464:

"Plaintiff in error, Harris county, insists that both the county and school funds should pay a part of the treasurer's salary in commissions, and that therefore it is entitled to recover and receive as its own these commissions wrongfully col-

lected from the school fund.

"The commissions accrued to the benefit of the county treasurer as he handled the various funds intrusted to his care. Under article 928 R. S. 1895, he was required to make reports to the county commissioners' court at each regular term thereof, but he was handling both the funds of the county and of the available school fund from his induction into office, and he was entitled to commissions upon the funds so handled as they were received and disbursed by him.

"When his limit of $2.000 was reached in collecting and disbursing these funds, in whatever month, then his right to collect and retain further commission from either fund ceased."

It was held in the case of Davenport v. Eastland County, 94 Tex. 277, 60 S.W. 243, that the amount of compensation of the County Treasurer where he has served for a period short of one year is to be arrived at not by the amount of commissions accruing during that period, but by apportionment in accordance with the time of service.

Referring to the Davenport Case, the Commission of Appeals stated in the case of Tom Green County v. Harper, 118 S.W.(2d) 306:

"To that question this Court made answer that Davenport was entitled to retain only that portion of the sum of $2,000 which the time he served after the expiration of his term bears to the whole year. The construction of the statutes there given and the reasoning there employed, when applied to the facts of the instant case, lead certainly to but one conclusion, and that is that Harper's estate was entitled to retain only that portion of the annual compensation of $2,000 which he earned, and that such amount bears the same ratio to $2,000 that the time served bears to one year."

Under the facts submitted and in view of the foregoing authorities, the county treasurer of Kleberg County was entitled to retain only 242/365ths of $2000 (May 3 - December 31) or $1326.03 for the year 1946. Since the County Treasurer served the entire year of 1947, he would be entitled to retain from $2,000 to $2,160.27 depending upon the order, if any, passed by the Commissioners' Court subsequent to the enactment of H. B. 258, Acts of the 50th Legislature, authorizing the county treasurer to retain an additional amount not to exceed twenty-five per cent of $2,000.

Therefore, it is our opinion that Kleberg County is entitled to recover from the county treasurer all sums retained by him which were in excess of the maximum for the years 1946 and 1947 as above set out.

### SUMMARY

The maximum compensation of the county treasurer of Kleberg County for 1946 was $2,000. Where the county treasurer was appointed on May 3, 1946, he was entitled to retain only 242/365ths of $2,000 ($1326.03) during the year 1946.

Subdivision (b) of Article 3943, V. C. S. (effective September 5, 1947) authorized the Commissioners' Court to allow the county treasurer to retain an additional amount not to exceed twenty-five per cent of $2,000. Such increase must be, however, in the same proportion as the balance of the year relates to the total annual increase ($160.27). The maximum compensation of the county treasurer of Kleberg County for 1947 was from $2,000 to $2160.27 depending on the order, if any, passed by the Commissioners' Court.

Kleberg County is entitled to recover all commissions of the county treasurer retained by him in excess of the above mentioned maximums.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

JR:mw

By *John Reeves*

John Reeves
Assistant